**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JEFFREY LANCE HILL, SR., etc.,

    Plaintiff,

v.                                            Case No. 3:20-cv-895-TJC-PDB

LEANDRA G. JOHNSON, etc.,
et al.,

    Defendants.

___

## ORDER AND INJUNCTION

In the past two decades, pro se Plaintiff Jeffrey Lance Hill, Sr. has filed numerous lawsuits in this district and in Florida's Third Judicial Circuit pertaining to a grievance from fifteen years ago. (See Docs. 6, 9, 25). This case is Mr. Hill's most recent attempt to re-litigate those issues. Like Mr. Hill's prior cases, this case must be dismissed, and Mr. Hill will be prohibited from filing similar lawsuits in this Court in the future.

### I.    PROCEDURAL BACKGROUND

Several motions are pending before the Court: Suwannee River Water Management District's [1] Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. 4) and Motion for Injunctive Relief to Limit Plaintiff's Future

---

[1] The Court refers to Suwannee River Water Management District as "the District" in this Order.

Filings (Doc. 5); Mr. Hill's Motion for Default Judgment (Doc. 20); Defendant Jennifer B. Springfield's Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. 22) and Motion for Injunctive Relief to Limit Plaintiff's Future Filings (Doc. 24); Defendants the Honorable Leandra G. Johnson, the Honorable Gregory S. Parker, and the Honorable William F. Williams, III's Motion to Dismiss Complaint With Prejudice (Doc. 28); Defendant Columbia County's Motion to Dismiss (Doc. 33); and Defendants Joel F. Foreman, City of Lake City, and Michael Smallridge's Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. 34).

The District responded in opposition to the motion for default judgment (Doc. 23). Mr. Hill responded in opposition to the District's motion to dismiss (Doc. 29), to Ms. Springfield's motion to dismiss (Doc. 30), to Judge Johnson, Judge Parker, and Judge Williams's motion to dismiss (Doc. 32), to Lake City, Mr. Foreman, and Mr. Smallridge's motion to dismiss (Doc. 38), and to Columbia County's motion to dismiss (Doc. 39). The Court granted Defendants' Joint Motion to Stay Discovery and Hold in Abeyance Case Management Conference and Reporting Requirements (Doc. 35) on October 30, 2020. (Doc. 37). This case has been stayed since that time, pending resolution of the dispositive motions. Mr. Hill recently filed a Motion to Vacate Stay (Doc. 41), to which Columbia County, the District, and Judges Johnson, Parker, and Williams responded in opposition (Docs. 41, 42, 43).

Mr. Hill has filed numerous lawsuits nearly identical to this one. In 2006, Mr. Hill filed a lawsuit in Florida's Third Judicial Circuit in and for Columbia County about what he viewed as improper government action related to his farm. Suwannee River Water Mgmt. Dist. v. El Rancho No Tengo, Inc., No. 06-203-CA. The decision dismissing that case was affirmed by the Florida First District Court of Appeal. El Rancho No Tengo, Inc. v. Suwannee River Water Mgmt. Dist., 6 So. 3d 56 (Table), No. 1D08-2568, 2009 WL 401605 (Fla. 1st DCA Feb. 19, 2009). Since then, Mr. Hill has repeatedly sought to challenge those decisions with lawsuits in this Court. See Hill v. Suwannee River Water Mgmt. Dist., No. 3:15-cv-1445-J-34JRK; Hill v. Johnson, et al., No. 3:17-cv-1342-HLA-JRK. Mr. Hill also filed related lawsuits in the Bankruptcy Court, some of which he appealed to this Court. See Hill, et al. v. Suwannee River Water Mgmt. Dist., No. 3:15-bk-01290-PMG; Hill, et al. v. Suwannee River Water Mgmt. Dist., No. 3:15-cv-1475-J-32; Hill v. Suwannee River Water Mgmt. Dist., No. 3:15-cv-1013-J-32. In 2016, Mr. Hill made a failed attempt to remove a state court action to federal court. Hill, et al. v. Suwannee River Water Mgmt. Dist., No. 3:16-cv-169-J-32MCR.

Mr. Hill's prior cases were based on facts with no material difference from the facts alleged in this case. As in his other actions, Mr. Hill purports to bring his claims under 42 U.S.C. §§ 1982, 1983, and 1985, as well as "common law." (Doc. 1 at 1). Mr. Hill alleges land takings related to an 800-acre farm in

3

Columbia County, Florida, and violations of the Fifth, Seventh, Eighth, and Fourteenth Amendments. (See Doc. 1). Mr. Hill has not in any way shown that this lawsuit materially differs from his prior lawsuits.

## II. DISCUSSION

As a preliminary matter, in his Motion for Default Judgment, Mr. Hill claims that the District was served on August 18, 2020 and therefore should have answered by September 8, 2020. (Doc. 20 at 1). This is incorrect. The District was served on August 21, 2020 and responded in a timely manner. (See Docs. 16, 23). Thus, Mr. Hill's Motion for Default Judgment (Doc. 20) is denied.

All nine Defendants assert similar bases for dismissal: (1) that Mr. Hill fails to state a claim upon which relief can be granted under Federal Rule of Civil Procedure 12(b)(6); (2) that Mr. Hill's claims are barred by the Rooker-Feldman doctrine; (3) that Mr. Hill's claims are barred by res judicata and collateral estoppel; (4) that Eleventh Amendment immunity applies; and (5) that Mr. Hill's claims are barred by the statute of limitations. (See Docs. 4, 22, 28, 33, 34). Columbia County additionally argues that the Complaint should be dismissed as a shotgun pleading, in which it is unclear which factual allegations correspond to each claim for relief. (See Doc. 33 at 3–4).

The Court need not reach the merits of each of these defenses. The Court already adjudicated a nearly identical case from Mr. Hill in 2016 and stated:

> Plaintiff has filed several actions in this Court arising out of the same underlying facts and seeking essentially the same relief; that is, to revisit the validity of state court liens, judgments, and litigation beginning in 2006. See, e.g., Hill v. Suwannee River Water Mgmt. Dist., No. 3:12-cv-860-TJC (affirming U.S. Bankruptcy Court's dismissal of Hill's Chapter 12 case, and explaining "Despite appellant's request, this Court has no authority to review the state court decisions which underlie the bankruptcy court's ruling" (Doc. 22 at 2), where Hill identified as issues on appeal from U.S. Bankruptcy Court that "The Bankruptcy Court erred in its refusal to explore the validity of the State Court judgment"; "The State Circuit Court had no jurisdiction . . . in Case No: 06-203 CA, therefore judgment is void ab initio"; and "There is a conflict of authority between State Circuit Case No: 06-203 CA and State Circuit Court Case No. 89-22 CA . . . ." (Doc. 7 at 6)). aff'd, No. 14-10609 (11th Cir. Nov. 19, 2014); Hill v. Suwannee River Water Mgmt. Dist., No. 3:15-cv-1475-TJC (identifying in statement of issues, "Since the bankruptcy court's abstinence relies on the validity of the State court's judgments in case # 2006-203 CA, whether the state court and the Suwannee River Water Management District had competent jurisdiction and authority to begin the action." (Doc. 4 at 5)); Hill v. Suwannee River Water Mgmt. Dist., No. 3:15-cv-1445-J-32JRK ("The objective of this action [for declaratory judgment and quiet title] is to obtain an unprecedented determination of legal authority of the District to begin legal action against the farm and Hill, also to obtain a legal determination of the validity of the state court's adjudication in case nos. 06-206 CA and 13-666 CA." (Doc. 1 at 1)).

Hill v. Suwannee River Water Mgmt. Dist., No. 3:15-cv-1013-J-32 (Feb. 29, 2016) (Doc. 14 at 1–2 n.1). Additionally, the Court warned Mr. Hill that there was no basis for "any further cases arising from these facts" and cautioned that it would "strongly consider awarding sanctions if Plaintiff continue[d] to file such pleadings." Id. at 2.

Still, Mr. Hill filed another lawsuit based on the same facts in 2017. See Hill v. Johnson, et al., No. 3:17-cv-1342-J-25-JRK. The Honorable Henry Lee Adams, Jr. dismissed that case sua sponte on January 4, 2018, citing to the Court's prior Order. Id. (Doc. 14). Judge Adams also made a finding of bad faith, "that Plaintiff brought [the] case for an improper purpose and vexatiously multiplied the proceedings," and ruled that Rule 11 sanctions were appropriate. Id. (Docs. 27, 42). The Eleventh Circuit affirmed Judge Adams's decision, emphasizing that Mr. Hill's claims were barred by the Rooker-Feldman doctrine and that he "was simply quarrelling with the outcome and attempting to relitigate his claims." Hill v. Johnson, 787 Fed. App'x 604, 607, 608 (11th Cir. 2019).[2]

This case is also barred by the Rooker-Feldman doctrine. As a result, Defendants' motions to dismiss (Docs. 4, 22, 28, 33, 34) are granted. Now, faced with Mr. Hill's fourth lawsuit on the same facts, the Court must decide whether to grant the District's and Ms. Springfield's requests to enjoin Mr. Hill from filing in this Court without first seeking leave of court for permission.

---

[2] The Eleventh Circuit explained that the Rooker-Feldman doctrine "precludes federal district courts from reviewing 'cases brought by state-court losers complaining of injuries caused by state-court judgments rendered before the district court proceedings commenced and inviting district court review and rejection of those judgments.'" Hill, 787 Fed. App'x at 607 (quoting Exxon Mobil Corp. v. Saudi Basic Indus. Corp., 544 U.S. 280, 284 (2005)).

6

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Accordingly, courts "maintain[] 'considerable discretion' to restrict the filings of a vexatious litigant." Cuyler v. Presnell, No. 6:11-cv-623-ORL-22DAB, 2011 WL 5525372, at *1 (M.D. Fla. Nov. 14, 2011) (quoting Traylor v. City of Atlanta, 805 F.2d 1420 (11th Cir. 1986)). An injunction that aims to minimize abusive, vexatious litigation cannot be a total bar to court access. Id. (citing Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993)). Otherwise, there are few limits on the actions that courts may take to protect against such litigation. Abram-Adams v. Citigroup, Inc., No. 12-80848-CIV, 2013 WL 451906, at *2 (S.D. Fla. Feb. 6, 2013) (citing Martin-Trigona, 986 F.2d at 1387).[3]

---

[3] More broadly, the All Writs Act "provides that '[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages and principles of law,' 28 U.S.C. § 1651, [and] affords the Court 'the power to enjoin litigants who are abusing the court system by harassing their opponents.'" Abram-Adams, 2013 WL 451906, at *2 (quoting Laosebikan v. Coca-Cola Co., 415 Fed. App'x 211, 215 (11th Cir. 2011)). Options for enjoining vexatious litigants might include seeking leave of court prior to filing, limiting the number of pages allowed for filings, or requiring a signed affidavit regarding attempts to retain an attorney, among other measures. See, e.g., Procup, 792 F.2d at 1073.

Mr. Hill has failed to comply with multiple directives from the Court to stop re-litigating previously decided claims. The Court has considered other less restrictive alternatives but finds that nothing short of a pre-filing injunction will be effective. Mr. Hill's pattern of conduct merits the injunction sought by the District and Ms. Springfield, who have met the four requirements for an injunction: they succeed on the merits, they stand to suffer irreparable injury from Mr. Hill's incessant and redundant filings that outweighs any damage to Mr. Hill, and the injunction is not adverse to the public interest. See Laosebikan v. Coca-Cola Co., 415 Fed. App'x 211, 214 (11th Cir. 2011) (enumerating injunction requirements). From here forward, Mr. Hill must seek leave of Court before filing any lawsuit in this district to ensure he does not make another attempt to re-litigate claims that have already been adjudicated. If it proves necessary in the future, the Court will consider expanding the injunction to include other courts. See, e.g., Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 n.15, 1298 (11th Cir. 2002) (approving of injunction preventing suit by plaintiff or anyone acting on his behalf in any forum without first obtaining leave to file).

### III. CONCLUSION

Accordingly, it is hereby

**ORDERED:**

1. Defendant Suwannee River Water Management District's Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. 4) is **GRANTED**.

2. Defendant Suwannee River Water Management District's Motion for Injunctive Relief to Limit Plaintiff's Future Filings (Doc. 5) is **GRANTED**.

3. Plaintiff Jeffrey Lance Hill, Sr.'s Motion for Default Judgment (Doc. 20) is **DENIED**.

4. Defendant Jennifer B. Springfield's Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. 22) is **GRANTED**.

5. Defendant Jennifer B. Springfield's Motion for Injunctive Relief to Limit Plaintiff's Future Filings (Doc. 24) is **GRANTED**.

6. Defendants the Honorable Leandra G. Johnson, the Honorable Gregory S. Parker, and the Honorable William F. Williams, III's Motion to Dismiss Complaint With Prejudice (Doc. 28) is **GRANTED**.

7. Defendant Columbia County's Motion to Dismiss (Doc. 33) is **GRANTED**.

8. Defendants Joel F. Foreman, City of Lake City, and Michael Smallridge's Motion to Dismiss Plaintiff's Complaint With Prejudice (Doc. 34) is **GRANTED**.

9. Plaintiff Jeffrey Lance Hill, Sr.'s Motion to Vacate Stay (Doc. 40) is **DENIED as moot**.

10. Plaintiff Jeffrey Lance Hill, Sr. is hereby permanently **ENJOINED** from initiating any action or other matter in the United States District Court for the Middle District of Florida <u>without obtaining prior approval from this Court</u>. The Court will adopt the pre-screening procedure established in <u>Cuyler v. Presnell</u>, No. 6:11-cv-623-Orl-22DAB, 2011 WL 5525372, at *2–*3 (M.D. Fla. Nov. 14, 2011) (<u>see</u> Docs. 11, 20), and in <u>Gullett-El v. Corrigan</u>, No. 3:17-cv-881-J-32JBT, 2017 WL 10861313, at *5–*6 (M.D. Fla. Sept. 20, 2017), as follows:

**<u>Procedure in the Middle District of Florida</u>**: Henceforth, any complaint or other pleading Jeffrey Lance Hill, Sr. presents to the Clerk's Office in the Middle District of Florida for filing shall be specially handled in the following manner. Rather than filing the complaint or pleading and opening a new case, the Clerk's Office shall forward it to the duty Magistrate Judge in the respective Division for review and screening. <u>See</u> <u>Copeland v. Green</u>, 949 F.2d 390, 391 (11th Cir. 1991) (upholding pre-filing screening requirements). The Magistrate Judge will determine whether the complaint or pleading has arguable merit—that is, a material basis in law and fact. No abusive, frivolous, scandalous, or otherwise impertinent complaint or pleading shall be permitted. If the action is arguably meritorious, the Magistrate Judge shall issue an order so stating and shall direct the Clerk of Court to file the complaint or pleading

for normal assignment. Such order shall be docketed along with the complaint or pleading in the new civil case. If, however, the Magistrate Judge's preliminary review determines that the tendered filing has no arguable merit, the Magistrate Judge shall enter an order so finding, in which event the complaint or pleading will not be filed with the Court. Instead, the Clerk's Office shall return the original tendered document to Plaintiff after making a copy for the Court.

In addition to docketing this Order in the instant case, the Clerk shall open a miscellaneous case and shall file the Order in that case, as well. Hereafter, any order determining that a complaint or pleading tendered by Plaintiff has no arguable merit shall also be filed in the miscellaneous case, along with a copy of the complaint or pleading in question, both of which shall be forwarded to the United States Attorney.

Upon a finding that a tendered complaint or pleading lacks arguable merit, Plaintiff shall be subject to a monetary sanction in the amount of $1,000.00 per case and/or such other sanctions as the Court deems appropriate. Any money judgment arising from such sanctions is subject to enforcement by the United States Attorney, who may institute collection actions against

Plaintiff to procure the seizure and sale of personal assets to satisfy the judgment.[4]

11. The measures imposed by this Order are in no way intended to restrict other judges' authority to impose additional sanctions as necessary.

12. On or before **June 18, 2021**, the United States Marshal shall personally serve Jeffrey Lance Hill, Sr. with a copy of this Order and shall promptly thereafter file a return of such service.

13. This case is **DISMISSED with prejudice**. All pending motions and deadlines are terminated. The Clerk should close the file.

**DONE AND ORDERED** in Jacksonville, Florida the 21st day of May, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

---

[4] See, e.g., In re Roy Day Litig., 976 F. Supp. 1455, 1459 (M.D. Fla. 1995) ("Rule 11, Federal Rules of Civil Procedure, permits the Court to enter monetary or other sanctions against a party for filing or pursuing frivolous actions. Frivolous actions include both those brought for an improper purpose, such as vexation, and those without basis in either law or fact. In the event a Magistrate's preliminary review results in a finding that Day's action is frivolous, that action will not be filed with the Court but instead will be returned to Day. Upon such a finding, Day will be subject to sanction in an amount not less than $1,000.00 per case. Of course, any money judgment arising from those sanctions is subject to enforcement by the United States Attorney, who may institute collection actions against Day to procure the seizure and sale of his personal assets to satisfy the judgment.").

tnm
Copies:

All Jacksonville District and Magistrate Judges
Clerk of Court, Middle District of Florida
Chief Deputy Clerk of Court – Operations, Middle District of Florida
Jacksonville Division Manager
Counsel of record
Pro se Plaintiff
United States Marshal