# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# JACKSONVILLE DIVISION

JEFFREY LANCE HILL, SR., etc.,

    Plaintiff,

v.                                                Case No. 3:20-cv-895-TJC-PDB

LEANDRA G. JOHNSON, etc.,
et al.,

    Defendants.

## **O R D E R**

This case is before the Court on pro se Plaintiff Jeffrey Lance Hill, Sr.'s Request for Leave to File Notice of Appeal (Doc. 46) and Motion to Appeal In Forma Pauperis (Doc. 47). One of the Defendants in this case, Suwannee River Water Management District ("the District"), has filed an Objection to Plaintiff's Application to Proceed in District Court Without Prepaying Fees or Costs. (Doc. 48).

Under Federal Rule of Appellate Procedure 4(a), Mr. Hill is entitled to an appeal as of right within thirty days after the Court's entry of final judgment or Order. The Court entered an Order and Injunction (Doc. 44) on May 21, 2021 dismissing Mr. Hill's case with prejudice, and Mr. Hill timely filed his Request for Leave to File Notice of Appeal (Doc. 46). Thus, Mr. Hill's Request for Leave to File Notice of Appeal (Doc. 46) is granted.

Whether Mr. Hill may proceed in forma pauperis is a separate matter. Federal Rule of Appellate Procedure 24(a)(1) requires that a party wishing to proceed in forma pauperis on appeal file a motion in the district court, attaching an affidavit with financial information, that "claims an entitlement to redress," and that "states the issues that the party intends to present on appeal." When an appellant fails to articulate a basis for appeal, the appeal cannot be taken in good faith. See, e.g., Madura v. Lakebridge Condo. Ass'n, Inc., No. 8:07-cv-02274-T-17EAJ, 2009 WL 1659444, at *2 (M.D. Fla. June 15, 2009). When the appellant provides a basis for appeal, the Court looks to "whether, objectively speaking, there is any non-frivolous issue to be litigated on appeal." Knight v. Lane, No. CA 08-0301-KD-C, 2010 WL 1487806, at *2 (S.D. Ala. Apr. 7, 2010) (internal quotations and citations omitted), report and recommendation adopted, 2010 WL 1487275 (S.D. Ala. Apr. 13, 2010). An appeal is not taken in good faith when it is based only on frivolous issues. Id.

Although Mr. Hill may meet the financial requirements for proceeding in forma pauperis,[1] his case was dismissed as barred by the Rooker-Feldman

---

[1] The Court makes no determination as to whether Mr. Hill meets those financial requirements but notes that in its Response, the District emphasizes that "Plaintiff has [] filed numerous applications for civil indigent status in state court and several hearings have been conducted to determine Plaintiff's civil indigent status." (Doc. 48 at 2) (emphasis in original). The District points to Mr. Hill's recent request to proceed in forma pauperis on appeal in another case that was denied on grounds of frivolity and bad faith. See Hill v. Suwannee River Water Mgmt. Dist., et al., No. 3:17-cv-1342-BJD-JRK (M.D. Fla. May 18,

2

doctrine, and Mr. Hill was enjoined from filing in the Middle District of Florida without leave of Court after failing to comply with multiple directives to stop re-litigating previously decided claims. (Doc. 44). As Defendant Suwannee River Water Management District noted in its Objection (Doc. 48) and the Court discussed in its Order and Injunction (Doc. 44), Mr. Hill has been warned multiple times that he must stop filing frivolous actions regarding the same facts. Mr. Hill has not presented any factual or legal basis to appeal the Court's Order of dismissal. Thus, his appeal has no arguable merit in law or fact and is therefore not taken in good faith within the meaning of the applicable standards. See 28 U.S.C. § 1915(a)(3); Fed. R. App. P. 24(3); Coppedge v. United States, 369 U.S. 438, 445 (1962); Napier v. Preslicka, 314 F.3d 528, 531 (11th Cir. 2002); Bilal v. Driver, 251 F.3d 1346, 1349 (11th Cir. 2001).

Accordingly, it is hereby

**ORDERED:**

1. Plaintiff's Request for Leave to File Notice of Appeal (Doc. 46) is **GRANTED**. The Clerk is directed to file the Notice of Appeal (Doc. 46-1) as a separate docket entry in this case nunc pro tunc to **June 21, 2021**.

---

2021) (Doc. 57). The District also highlights a 2017 state court proceeding in which a judge concluded that Mr. Hill owned valuable properties, had knowingly or mistakenly provided false financial information, and was not indigent, as well as other documents to show Mr. Hill's prior attempts to proceed in forma pauperis despite a lack of indigency. (Docs. 48 at 4, 48-1, 48-2, 48-3, 48-4, 48-5, 48-6, 48-7).

2. Plaintiff's Motion to Appeal In Forma Pauperis (Doc. 47) is **DENIED**. Plaintiff is required to pay the applicable appellate docketing and filing fees within thirty (30) days of the date of this Order or move to proceed in forma pauperis before the United States Court of Appeals for the Eleventh Circuit.

3. The Clerk is directed to immediately notify the parties and the United States Court of Appeals for the Eleventh Circuit that Plaintiff's appeal is not taken in good faith.

**DONE AND ORDERED** in Jacksonville, Florida the 1st day of July, 2021.



TIMOTHY J. CORRIGAN
United States District Judge

tnm
Copies:

Clerk of Court, Eleventh Circuit Court of Appeals
Pro se Plaintiff
Counsel of record