**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION**

JEFFREY LANCE HILL, SR.,
individually; Aggrieved Party and as
Real Party in Interest of El Rancho
No Tengo, Inc.,

    Plaintiff,

v.                                                                      Case No. 3:20-cv-895-TJC-PDB

LEANDRA G. JOHNSON,
individually & officially, GREGORY
S. PARKER, individually &
officially, WILLIAM F. WILLIAMS,
III, individually & officially, JOEL
F. FOREMAN, individually and as
Columbia County attorney,
JENNIFER B. SPRINGFIELD,
individually and officially,
SUWANNEE RIVER WATER
MANAGEMENT DISTRICT,
COLUMBIA COUNTY, FLORIDA,
CITY OF LAKE CITY, FLORIDA,
and MICHAEL SMALLRIDGE,
individually and as Receiver for
Columbia County,

    Defendants.

_____

**O R D E R**

    This case is again before the Court on pro se Plaintiff Jeffrey Lance Hill, Sr.'s Complaint. (Doc. 1). Defendants—various judges, individuals, and

government entities—filed renewed [1] motions to dismiss Hill's complaint. (Docs. 58, 60–64). Defendant Jennifer B. Springfield also moved for injunctive relief to limit Hill's future filings. (Doc. 59). Hill responded in opposition to each motion except Springfield's Motion for Injunctive Relief. (Docs. 65–70).

## I. MOTIONS TO DISMISS

The facts of this case have been described in numerous judicial orders and need not be repeated here. Hill has filed numerous lawsuits nearly identical to this one. See (Doc. 44 at 3). Hill consistently challenges the state court's decisions regarding his property, alleging the Defendants' actions constituted a taking of his property, the fines against him were excessive, and that he was denied his right to a jury trial, among other things. See (Doc. 1). Hill brings his claims under "Title 42 U.S.C. sections 1982, 1983, 1985 and common law" against the Honorable Leandra G. Johnson, the Honorable Gregory S. Parker, the Honorable William F. Williams, III, Joel F. Foreman, Jennifer B. Springfield, Suwannee River Water Management District (SRWMD), Columbia County, Florida, City of Lake City, Florida, and Michael Smallridge. Id. at 1–2. Hill's claims are as follows:

---

[1] Defendants previously moved to dismiss Hill's complaint, which the Court granted based on the Rooker-Feldman doctrine. (Doc. 44). The Eleventh Circuit reversed and remanded the case on appeal based, in part, on an interim Eleventh Circuit case, Behr v. Campbell, 8 F.4th 1206 (2021). (Docs. 54–55).

2

**Count I:** "Violation of Rights Secured by the Takings Clause of Amendment V and Amendment XIV of the United States Constitution; (42 U.S.C. sec. 1983- Defendant Leandra G. Johnson)"

**Count II:** "Right to be Secure From Excessive Fines; Amendment VIII (42 U.S.C. section 1983 - Defendant Leandra G. Johnson)"

**Count III:** "Right to be Free from Taking of Property Without Just Compensation; Right to Due Process; Fifth and Fourteenth Amendments; 42 U.S.C. 1983- 42 U.S.C. 1985(3) - (Defendant Gregory S. Parker)"

**Count IV:** "Right to be Secure in Property; Right to Due Process of Law; Fifth and Fourteenth Amendments; Right to Trial by Jury; Seventh Amendment; 42 U.S.C. sec. 1983 - (Defendant William F. Williams, III)"

**Count V:** "Right to Just Compensation and Due Process of Law as Secured by the Fifth and Fourteenth Amendments ; 42 sec. 1983, Florida Statute 817.535 – (Defendant Joel F. Foreman, individually and as attorney for Columbia County, Florida)"

**Count VI:** "Right to Equal Protection of the Laws; Amendment Fourteen; 42 sec. 1985(3); (Defendant Jennifer B. Springfield)"

**Count VII:** "Violations of the Takings Clause; Title 42 U.S.C. sec. 1983; Fifth and Fourteenth Amendments – (Defendant Suwanee River Water Management District)"

**Count VIII:** "Violations of the Takings Clause and Due Process; Fifth and Fourteenth Amendments; Title 42 U.S.C. sec. 1983; (Defendant Columbia County, Florida)"

**Count IX:** "Violations of the Fifth and Fourteenth Amendments; Title 42 U.S.C. sec. 1983 – (Defendant City of Lake Ci ty, Florida)"

**Count X:** "Violations of the Fifth and Fourteenth Amendments to the United States Constitution; Title 42 U.S.C. sec. 1983 – (Michael Smallridge – individually and a Receiver for Columbia County)."

Id. at 8–15. The Court will liberally construe Hill's pro se allegations. See Erickson v. Pardus, 551 U.S. 89, 94 (2007). However, Hill's complaint is still due to be dismissed.

### A. Judicial Immunity

Counts I, II, III, and IV are due to be dismissed based on judicial immunity. Counts I through IV are all brought under 42 U.S.C. § 1983 against Florida state court judges that ruled on Hill's state court cases at various times.

Under federal law,

> "[j]udges are entitled to absolute judicial immunity from damages for those acts taken while they are acting in their judicial capacity unless they acted in the 'clear absence of all jurisdiction.'" Bolin v. Story, 225 F.3d 1234, 1239 (11th Cir. 2000) (citations omitted). "This immunity applies even when the judge's acts are in error, malicious, or were in excess of his or her jurisdiction." Id. Whether a judge's actions were made while acting in his [or her] judicial capacity depends on whether: (1) the act complained of constituted a normal judicial function; (2) the events occurred in the judge's chambers or in open court; (3) the controversy involved a case pending before the judge; and (4) the confrontation arose immediately out of a visit to the judge in his [or her] judicial capacity. Scott v. Hayes, 719 F.2d 1562, 1565 (11th Cir. 1983).

Sibley v. Lando, 437 F.3d 1067, 1070 (11th Cir. 2005); see also Pierson v. Ray, 386 U.S. 547, 553–54 (1967) ("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction . . . .").[2]

---

[2] Section 1983 contains a limited exception to the judicial immunity doctrine, providing: "in any action brought against a judicial officer for an act

4

Hill's allegations, assumed as true and liberally construed, show that Judges Johnson, Parker, and Williams were all acting within their judicial capacities. See (Doc. 1 ¶ 19) ("Defendant Leandra G. Johnson (Johnson), awarded the Agency an injunction against the farm . . . . The farm appealed to the Florida First District Court of Appeal and that court per curiam affirmed without a written opinion."); id. ¶ 20 ("Defendant Johnson awarded the Agency a $100,000.00 fine against the farm. The farm appealed to the Florida First District Court of Appeal; that court per curiam affirmed without written opinion."); id. ¶ 23 ("Defendant Parker . . . rendered an order in [Hill's] case . . . ."); id. ¶ 24 ("Defendant Parker . . . awarded fees and costs . . . ."); id. ¶ 29 ("Defendant Williams, acting as a state circuit judge, denied Plaintiffs' motion to rehear Defendant Parker's Order . . . .").

In his response, Hill argues that Judges Johnson, Parker, and Williams were acting outside of the scope of their judicial capacity when:

---

or omission taken in such officer's judicial capacity, injunctive relief shall not be granted unless a declaratory decree was violated or declaratory relief was unavailable." Notwithstanding comity and federalism concerns, even liberally construing Hill's complaint, Hill has not plausibly alleged entitlement to injunctive relief because he has not shown a likelihood of success on the merits of his claims. See Bolin, 225 F.3d at 1240; Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000) (describing the elements of injunctive relief).

- Judge Johnson granted an injunction to SRWMD because she was deprived of subject matter jurisdiction under Florida Statutes 403.813(1)(g) and (h). (Doc. 67 at 1). Hill also asserts that Judge Johnson was outside the scope of her judicial capacity when she awarded SRWMD $100,000 "because there is no law in Florida prescribing such an amount for the lack of a permit from [SRWMD]." Id. at 1–2.

- Judge Parker entered an order authorizing SRWMD to drain Hill's pond on his property, awarded SRWMD $280,376.20, and transferred Hill's cases to Judge Williams. Id. at 2.

- Judge Williams entered orders in Hill's cases because Judge Williams is a judge in Suwannee County, Florida, not Columbia County, Florida. Id.[3]

These allegations, assumed as true, largely describe what Hill believes to be legal deficiencies in the judges' decisions, not facts supporting the conclusion

---

[3] Hill also perfunctorily alleges that Judge Williams' assistant signed an order "giving right to enter Plaintiff's private property to both Defendant County and Defendant Agency, without a hearing." (Doc. 1 ¶ 35). The Court judicially notices Judge Williams's June 14, 2017 Order that Hill references (which can be found on the publicly available docket), where it appears that Judge Williams signed the order (in addition to his judicial assistant). See FED. R. EVID. 201(b)–(d) (allowing a court to take judicial notice on its own at any stage of the proceeding any fact that "can be accurately and readily determined from sources whose accuracy cannot reasonably be questioned"); (Doc. 14 in Columbia County v. Hill, Case No. 17-132-CA (Fla. 3d Cir. Ct.)).

6

that Judges Johnson, Parker, and Williams were acting "in the clear absence of all jurisdiction." Bolin, 225 F.3d at 1239 (citation omitted). Hill's argument that Judge Williams was acting outside his judicial capacity because Judge Williams served in a different county than assigned is similarly unmeritorious. See Judges of Polk Cnty. Ct. by Herring v. Ernst, 615 So. 2d 276, 277 (Fla. 2d DCA 1993) ("Logically, we conclude if a circuit judge may be assigned temporarily outside the circuit where he or she was elected, then a county judge may be temporarily assigned to serve outside the county where he or she was elected."); Physicians Healthcare Plans, Inc. v. Pfeifler, 846 So. 2d 1129, 1133 (Fla. 2003) ("Florida Rule of Judicial Administration 2.050(b)(4) [now Rule 2.215(b)(4)] delegates the chief justice's assignment power to the chief judges of the judicial circuits to 'assign any judge to temporary service for which the judge is qualified in any court in the same circuit.'"). Hill provides no other allegations regarding why this assignment was improper.[4] Therefore, Defendants Judges Johnson, Parker, and Williams are all entitled to judicial immunity.

---

[4] Hill directs the Court's attention to Hill v. Suwannee River Water Mgmt. Dist., 217 So. 3d 1100 (Fla. 1st DCA 2017) wherein the First DCA—considering different issues than presented here—reversed the circuit court's grant of summary judgment based on quasi-judicial immunity grounds. See (Doc. 1 ¶ 29). Notably, however, the First DCA took no issue with Judge Williams' assignment to the case (although there is no indication that the issue was raised). See Hill, 217 So. 3d at 1100–03.

**B. Res Judicata**

Hill's case is another attempt to relitigate his state court cases, and as such Counts V–IX are barred by the doctrine of res judicata. See Hill v. Johnson, 787 Fed. App'x 604, 607–08 (11th Cir. 2019)[5] (holding that Hill "was simply quarrelling with the outcome and attempting to relitigate his claims"). "Res judicata bars the filing of claims which were raised or could have been raised in an earlier proceeding." Ragsdale v. Rubbermaid, Inc., 193 F.3d 1235, 1238 (11th Cir. 1999). "Under Eleventh Circuit precedent, a claim will be barred by prior litigation if all four of the following elements are present: (1) there is a final judgment on the merits; (2) the decision was rendered by a court of competent jurisdiction; (3) the parties, or those in privity with them, are identical in both suits; and (4) the same cause of action is involved in both cases." Id. A dismissal under Federal Rule of Civil Procedure 12(b)(6) for failure to state a claim is a judgment on the merits. N.A.A.C.P. v. Hunt, 891 F.2d 1555, 1560 (11th Cir. 1990) (citing Federated Dept. Stores, Inc. v. Moitie, 452 U.S. 394, 399 n.3 (1981)).

---

[5] The Court does not rely on unpublished opinions as binding precedent; however, they may be cited when the Court finds them persuasive on a particular point. See McNamara v. GEICO, 30 F.4th 1055, 1060–61 (11th Cir. 2022).

In 2015, Hill sued SRWMD in federal court alleging violations of Hill's First, Fifth, Eight, and Fourteenth Amendment rights.[6] (Doc. 1 in Hill v. Suwannee River Water Mgmt. Dist., 3:15-cv-1445-TJC-JK (M.D. Fla.)). Hill requested just compensation for his property and argued that the civil penalty imposed against him was unconstitutional. Id. This Court dismissed Hill's claims with prejudice, reasoning that the claims were barred by res judicata, collateral estoppel, and Rooker-Feldman. (Doc. 11 in 3:15-cv-1445). In 2017, Hill filed suit again, this time also including Defendants Joel F. Foreman, Jennifer Springfield, Columbia County, and Lake City. (Doc. 1 in Hill v. Johnson, 3:17-cv-1342-BJD-JK (M.D. Fla.)). In the 2017 case, Hill also brought claims under the Fifth, Eighth, and Fourteenth Amendments alleging the same or substantially same facts as the current complaint. Id. Judge Adams dismissed the case with prejudice. (Doc. 14 in 3:17-cv-1342); Hill v. Johnson, No. 3:17-cv-1342-J-25-JRK, 2018 WL 10705406, at *2 (M.D. Fla. May 21, 2018), aff'd, 787 F. App'x 604 (11th Cir. 2019). The Eleventh Circuit affirmed Judge Adam's dismissal (although it offered a slightly different reasoning), and stated "we

---

[6] In 2015 and 2016, this Court also dismissed two of Hill's appeals from bankruptcy court proceedings. See (Doc. 15 in Hill v. Suwannee River Water Mgmt. Dist., 3:15-cv-1013-TJC (M.D. Fla.) and Doc. 15 in Hill v. Suwannee River Water Mgmt. Dist., 3:15-cv-1475-TJC (M.D. Fla) (dismissing the appeal, but also affirming the bankruptcy decision on the merits)).

9

conclude that dismissal under Rule 12(b)(6) was nonetheless appropriate." Hill, 787 Fed. App'x at 607–08.

Both the 2015 and 2017 cases included judgments on the merits, rendered by courts of competent jurisdiction, included the same parties, and involved the same causes of action. Hill's Counts V–IX[7] are due to be dismissed based on res judicata.

### C. Defendant Smallridge

Hill's claim against Defendant Michael Smallridge is not barred by res judicata because this is the first case where Hill has named Smallridge as a Defendant; however, Hill has still failed to state a cognizable claim against Smallridge.[8] Hill repeatedly alleges that Smallridge was acting "as Receiver for Defendant County."[9] (Doc. 1 ¶¶ 10, 82, 83). However, Hill has failed to allege that he requested leave of the court that appointed Smallridge to file suit against Smallridge. Both Florida courts and the Eleventh Circuit have

---

[7] Counts I–IV are likely also barred by res judicata because Judges Johnson, Parker, and Williams were also a part of Hill's 2017 suit.

[8] Hill has alleged enough to establish standing at this stage. Warth v. Seldin, 422 U.S. 490, 501 (1975) ("For purposes of ruling on a motion to dismiss for want of standing, both the trial and reviewing courts must accept as true all material allegations of the complaint, and must construe the complaint in favor of the complaining party.").

[9] Hill alleges his claim against Smallridge in both Smallridge's individual and official capacities; however, Hill provides only conclusory allegations regarding his individual capacity claim against Smallridge.

recognized the Barton doctrine which requires that "before suit is brought against a receiver[,] leave of the court by which he was appointed must be obtained." Barton v. Barbour, 104 U.S. 126, 127 (1881); see Asset Recovery Grp., LLC v. Cabrera, 233 So. 3d 1173, 1176 (Fla. 3d DCA 2017) ("The Barton doctrine has been recognized in Florida and applies equally whether a state court appointed receiver is sued in state court or in federal court.") (citations and alterations omitted); cf. Carter v. Rodgers, 220 F.3d 1249, 1252 (11th Cir. 2000) (adopting Barton doctrine and extending to bankruptcy trustees). Hill does not allege that the receivership has ended.[10] Cf. Chua v. Ekonomou, 1 F.4th 948, 953 (11th Cir. 2021) (holding that the Barton doctrine does not extend to receivers after the receivership has ended). The Court does not have subject matter jurisdiction over Hill's claim against Smallridge. See Lawrence v. Goldberg, 573 F.3d 1265, 1269 (11th Cir. 2009) (affirming district court's dismissal for lack of subject matter jurisdiction based on the Barton doctrine).

Smallridge is also protected by judicial immunity. Hill alleges that Smallridge was appointed receiver by the state court. See (Doc. 1 ¶ 10). "As a court-appointed receiver, [the receiver] receives 'judicial immunity for acts within the scope of [his] authority.'" Chua, 1 F.4th at 955 (quoting Prop. Mgmt. & Invs., Inc. v. Lewis, 752 F.2d 599, 602 (11th Cir. 1985)). "That immunity

---

[10] Smallridge states in his motion to dismiss that the receivership is continuing. (Doc. 62 at 9).

11

applies even if his acts were 'in error, malicious, or . . . in excess of [the appointing court's] jurisdiction.'" Id. (alteration in original) (quoting Bolin, 225 F.3d at 1239).

Hill does not allege that Smallridge acted outside the scope of his authority. Hill alleges Smallridge "act[ed] under color of law," "enter[ed] onto private property owned by Plaintiff," "removed an existing functional pipe disabling the farm irrigation system and installed his plug on Plaintiff's private property." (Doc. 1 ¶ 82). Hill also alleges that Smallridge "[dug] a ditch and install[ed] more than 125 feet of his pipe on Plaintiff's real property." Id. ¶ 83. These allegations alone do not evidence that Smallridge was acting outside the scope of his authority, and Hill provides no other allegations showing such. See (Doc. 35 in Columbia County v. Hill, Case No. 17-132-CA (Fla. 3d Cir. Ct.) (appointing receiver and defining scope of receivership which includes entering, taking possession, and making all necessary repairs to the land and the community water system on the land)). Hill's claims against Smallridge are due to be dismissed.

## II. MOTION TO AMEND

Hill also filed a Request for Leave to File Supplemental Pleadings. (Doc. 57). Defendants did not respond. Hill is seeking to amend his complaint after an appeal to add claims against Defendants based on new events that occurred after his complaint was filed. Id. at 2. Federal Rule of Civil Procedure 15(a)(2)

directs that "a party may amend its pleading only with the opposing party's written consent or the court's leave. The court should freely give leave when justice so requires." "Although [l]eave to amend shall be freely given when justice so requires, a motion to amend may be denied on numerous grounds such as undue delay, undue prejudice to the defendants, and futility of the amendment." Haynes v. McCalla Raymer, LLC, 793 F.3d 1246, 1250 (11th Cir. 2015) (alteration in original) (quoting Maynard v. Bd. of Regents of Div. of Univs. of Fla. Dep't of Educ. ex rel. Univ. of S. Fla., 342 F.3d 1281, 1287 (11th Cir. 2003)).

Amendment at this juncture is futile and would cause undue delay and prejudice. Hill has had many opportunities to plead his case against Defendants, see (Doc. 44 at 3–4 (collecting cases)), and Hill's "new events" raise many of the same issues that are already presented in the complaint—including whether Judge Williams violated Hill's Due Process and Seventh Amendment rights and whether SRWMD continues to violate the Takings Clause (Doc. 57 at 2–3)—such that amendment is futile. By allowing amendment, the Court, and Defendants (many of which are public entities) would be subject to the burden of additional litigation. See Hill, 2018 WL 10705406, at *2 ("Plaintiff's multiple cases based upon the same facts have not only strained the Court's limited resources, but also forced Defendant to incur significant expenses in responding to the Complaints as well as Plaintiff's other improper filings.").

13

## III. INJUNCTION

Hill is intent on relitigating these same issues. The Court has warned Hill that there is no basis for "any further cases arising from these facts" and that it would "strongly consider awarding sanctions if [Hill] continues to file such pleadings." (Doc. 14 in 3:15-cv-1013); (Doc. 44). Since that warning, Hill has continued to file cases based on these same facts. Lesser sanctions have been imposed and have not deterred him. See (Docs. 27, 42–43 in 3:17-cv-1342). The Court again finds that nothing short of a pre-filing injunction will be effective and that an injunction to permanently enjoin Hill from filing in this District without first seeking leave of the court is warranted.

As stated in its prior order:

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." Procup v. Strickland, 792 F.2d 1069, 1073 (11th Cir. 1986). Accordingly, courts "maintain[] 'considerable discretion' to restrict the filings of a vexatious litigant." Cuyler v. Presnell, No. 6:11-cv-623-ORL-22DAB, 2011 WL 5525372, at *1 (M.D. Fla. Nov. 14, 2011) (quoting Traylor v. City of Atlanta, 805 F.2d 1420 (11th Cir. 1986)). An injunction that aims to minimize abusive, vexatious litigation cannot be a total bar to court access. Id. (citing Martin-Trigona v. Shaw, 986 F.2d 1384, 1387 (11th Cir. 1993)). Otherwise, there are few limits on the actions that courts may take to protect against such litigation. Abram-Adams v. Citigroup, Inc., No. 12-80848-CIV, 2013 WL 451906, at *2 (S.D. Fla. Feb. 6, 2013) (citing Martin-Trigona, 986 F.2d at 1387).[11]

---

[11] More broadly, the All Writs Act "provides that '[t]he Supreme Court and all courts established by Act of Congress may issue all writs necessary or appropriate in aid of their respective jurisdictions and agreeable to the usages

14

(Doc. 44 at 7). Defendant Springfield requests that the Court enjoin Hill from "filing pleadings in federal court without first obtaining leave from the Court." (Doc. 59 at 8). Springfield has shown a substantial likelihood of success on the merits, and irreparable harm from having to continually defend these suits which outweighs any harm to Hill. See (Doc. 44); Laosebikan v. Coca-Cola Co., 415 F. App'x 211, 215 (11th Cir. 2011) (applying and describing the permanent injunction standard and affirming the district court's injunction imposing a pre-filing approval requirement on a vexatious litigant). As stated previously:

> From here forward, Mr. Hill must seek leave of Court before filing any lawsuit in this district to ensure he does not make another attempt to re-litigate claims that have already been adjudicated. If it proves necessary in the future, the Court will consider expanding the injunction to include other courts. See, e.g., Riccard v. Prudential Ins. Co., 307 F.3d 1277, 1295 n.15, 1298 (11th Cir. 2002) (approving of injunction preventing suit by plaintiff or anyone acting on his behalf in any forum without first obtaining leave to file).

(Doc. 44 at 8).

Accordingly, it is hereby

---

and principles of law,' 28 U.S.C. § 1651, [and] affords the Court 'the power to enjoin litigants who are abusing the court system by harassing their opponents.'" Abram-Adams, 2013 WL 451906, at *2 (quoting Laosebikan v. Coca-Cola Co., 415 Fed. App'x 211, 215 (11th Cir. 2011)). Options for enjoining vexatious litigants might include seeking leave of court prior to filing, limiting the number of pages allowed for filings, or requiring a signed affidavit regarding attempts to retain an attorney, among other measures. See, e.g., Procup, 792 F.2d at 1073.

**ORDERED:**

1. Defendants' Renewed Motions to Dismiss (Docs. 58, 60–64) are **GRANTED**.

2. Plaintiff's Request for Leave to File Supplemental Pleadings (Doc. 57) is **DENIED**.

3. Defendant Jennifer B. Springfield's Renewed Motion for Injunctive Relief to Limit Plaintiff's Future Filings (Doc. 59) is **GRANTED to the extent described below**.

4. Plaintiff Jeffrey Lance Hill, Sr., is hereby permanently **ENJOINED** from initiating any action or other matter in the United States District Court for the Middle District of Florida without obtaining prior approval from this Court. The Court will adopt the pre-screening procedure established in Cuyler v. Presnell, No. 6:11-cv-623-Orl-22DAB, 2011 WL 5525372, at *2–*3 (M.D. Fla. Nov. 14, 2011) (see Docs. 11, 20 in 6:11-cv-623), and in Gullett-El v. Corrigan, No. 3:17-cv-881-J-32JBT, 2017 WL 10861313, at *5–6 (M.D. Fla. Sept. 20, 2017), as follows:

Procedure in the Middle District of Florida: Henceforth, any complaint or other pleading Jeffrey Lance Hill, Sr., presents to the Clerk's Office in the Middle District of Florida for filing shall be specially handled in the following manner. Rather than filing the complaint or pleading and opening a new case, the Clerk's Office shall forward it to the duty Magistrate Judge in the respective

Division for review and screening. See Copeland v. Green, 949 F.2d 390, 391 (11th Cir. 1991) (upholding pre-filing screening requirements). The Magistrate Judge will determine whether the complaint or pleading has arguable merit—that is, a material basis in law and fact. No abusive, frivolous, scandalous, or otherwise impertinent complaint or pleading shall be permitted. If the action is arguably meritorious, the Magistrate Judge shall issue an order so stating and shall direct the Clerk of Court to file the complaint or pleading for normal assignment. Such order shall be docketed along with the complaint or pleading in the new civil case. If, however, the Magistrate Judge's preliminary review determines that the tendered filing has no arguable merit, the Magistrate Judge shall enter an order so finding, in which event the complaint or pleading will not be filed with the Court. Instead, the Clerk's Office shall return the original tendered document to Plaintiff after making a copy for the Court.

In addition to docketing this Order in the instant case, the Clerk shall open a miscellaneous case and shall file the Order in that case as well. Hereafter, any order determining that a complaint or pleading tendered by Plaintiff has no arguable merit shall also be filed in the miscellaneous case, along with a copy of the complaint or pleading in question, both of which shall be forwarded to the United States Attorney.

Upon a finding that a tendered complaint or pleading lacks arguable merit, Plaintiff shall be subject to a monetary sanction in the amount of

17

$1,000.00 per case and/or such other sanctions as the Court deems appropriate. Any money judgment arising from such sanctions is subject to enforcement by the United States Attorney, who may institute collection actions against Plaintiff to procure the seizure and sale of personal assets to satisfy the judgment.[12]

5. The measures imposed by this Order are in no way intended to restrict other judges' authority to impose additional sanctions as necessary.

6. On or before **June 27, 2023**, the United States Marshal shall personally serve Jeffrey Lance Hill, Sr., with a copy of this Order and shall promptly thereafter file a return of such service.

7. This case is **DISMISSED with prejudice**. All pending motions and deadlines are terminated. The Clerk should close the file.

---

[12] See, e.g., In re Roy Day Litig., 976 F. Supp. 1455, 1459 (M.D. Fla. 1995) ("Rule 11, Federal Rules of Civil Procedure, permits the Court to enter monetary or other sanctions against a party for filing or pursuing frivolous actions. Frivolous actions include both those brought for an improper purpose, such as vexation, and those without basis in either law or fact. In the event a Magistrate's preliminary review results in a finding that Day's action is frivolous, that action will not be filed with the Court but instead will be returned to Day. Upon such a finding, Day will be subject to sanction in an amount not less than $1,000.00 per case. Of course, any money judgment arising from those sanctions is subject to enforcement by the United States Attorney, who may institute collection actions against Day to procure the seizure and sale of his personal assets to satisfy the judgment.").

**DONE AND ORDERED** in Jacksonville, Florida the 9th day of June, 2023.



TIMOTHY J. CORRIGAN
United States District Judge

ckm
Copies:

All Jacksonville District and Magistrate Judges

Clerk of Court, Middle District of Florida

Chief Deputy Clerk of Court – Operations, Middle District of Florida

Jacksonville Division Manager

Counsel of record

Pro se Plaintiff

United States Marshal

United States Attorney's Office Middle District of Florida (Frank Talbot)